PAUL M. GLEASON State Bar No.: 155569
BRANDYN E. STEDFIELD State Bar No.: 225357
**GLEASON & FAVAROTE, LLP**
835 Wilshire Blvd., Suite 200
Los Angeles, California 90017
Telephone:   (213) 452-0510
Facsimile:    (213) 452-0514
pgleason@gleasonfavarote.com
bstedfield@gleasonfavarote.com

JOSEPH R. BECERRA State Bar No.: 210709
**BECERRA LAW FIRM**
835 Wilshire Boulevard, Suite 200
Los Angeles, California 90017
Telephone:   (213) 542-8501
Facsimile:    (213) 542-5556
Email:         jbecerra@jrbecerralaw.com

Attorneys for Plaintiff
Colleen Dominguez

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN DOMINGUEZ, an individual, | Case No.: 2:15-CV-09683 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | (1)   **DISCRIMINATION ON THE BASIS OF AGE (ADEA, 29 U.S.C. § 621 et seq.)** |
| FS 1 LOS ANGELES, LLC and DOES 1-10, inclusive, | (2)   **DISCRIMINATION ON THE BASIS OF GENDER (Title VII, 42 U.S.C. §2000e et seq.)** |
| Defendants. | (3)   **DISCRIMINATION ON THE BASIS OF AGE AND GENDER** |
| | (4)   **RETALIATION IN VIOLATION OF ADEA AND TITLE VII** |
| | **DEMAND FOR TRIAL BY JURY** |

Plaintiff Colleen Dominguez ("Plaintiff"), for her complaint against defendant FS 1 Los Angeles, LLC, and Does 1 through 10 inclusive (collectively, as "Defendants"), and each of them, alleges as follows:

{COMPLAINT.DOC}                                                        -1-

COMPLAINT FOR DAMAGES

## NATURE OF THE ACTION

1. This is an action for damages to remedy employment discrimination on the basis of gender (female), and age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and unlawful retaliation pursuant to each of said statutes.

## JURISDICTION

2. This action is brought to redress violations of Plaintiff's rights as guaranteed by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., to secure protection against and to redress deprivation of her right to be free of gender and age discrimination, and unlawful retaliation, in employment. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure the above-specified rights. This Court also has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 in that this civil action arises in part under the Constitution or laws of the United States of America.

## VENUE

3. The unlawful employment practices alleged below were, and are being, committed within the jurisdiction of the United States District Court for the Central District of California. Accordingly, pursuant to 28 U.S.C. § 1391 (b), venue lies in the United States District Court for the Central District of California.

## PARTIES

4. Plaintiff Colleen Dominguez ("Plaintiff") is a female, age 54, residing and/or employed within the County of Los Angeles, State of California.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant FS 1 Los Angeles, LLC (hereinafter "Defendant" or "FOX") at all relevant times herein regularly and systematically does business in the County of Los Angeles, California. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(b) and (h) and 29 U.S.C. § 630 (b).

6. Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1-10, inclusive ("Doe Defendants"), and therefore sues these Doe Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said Doe Defendants when ascertained. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, each of the fictitiously-named Doe Defendants conducted business in Los Angeles County, California, and are culpable or responsible in some manner and/or conspired with one or more of the other Defendants for the conduct, acts, omissions, occurrences, injuries, and damages herein alleged, and that Plaintiff's injuries and damages were directly and proximately caused thereby.

7. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each defendant was the agent, servant, employee, alter ego and/or associate of each of the other defendants, and was at all times acting within the course and scope of such relationship. Thus, whenever appearing in this complaint, each and every reference to any "Defendant" is intended to be, and shall be deemed, a reference to all Defendants in this action, and each of them, named and unnamed, including all fictitiously named defendants.

## GENERAL ALLEGATIONS

8. Colleen Dominguez is a nationally recognized sports reporter/personality. In March 2004, Dominguez joined ESPN as a Los Angeles based reporter for ESPN's news-gathering operation, including SportsCenter, Outside the Lines and Outside the Lines Nightly. During her tenure at ESPN, Dominguez was regularly seen on a variety of ESPN programming, including SportsCenter. Dominguez also regularly covered breaking news and major sporting events including the NBA finals and World Series. Dominguez was also a contributing feature reporter and she conducted exclusive interviews with sports stars such as Tiger Woods and Derek Jeter. Dominguez's exclusive interviews included Shaquille O'Neal's only sit down interview on the day he left the Los Angeles Lakers and Reggie Bush's first interview about his decision to give back his Heisman Trophy.

9. Before joining ESPN, Dominguez worked as a correspondent for NBC Network News from 1996 through 2003, reporting for the Today Show, NBC Nightly News, and MSNBC. While at

NBC, Dominguez conducted the network's first interview of O.J. Simpson and she interviewed numerous celebrities, including Angelina Jolie, Sidney Poitier, Jennifer Lopez, Tom Hanks, Steven Spielberg, and Johnny Depp. Dominguez also covered major events while at NBC including the Academy Awards, the Grammys, and the Emmys. She also covered major new stories including reporting from Paris on the death of Princess Diana, the aftermath of September 11, the Monica Lewinsky scandal, the O.J. Simpson civil trial, and the massacre at Columbine high school.

10. Before NBC, Dominguez worked as a reporter for KTLA-TV in Los Angeles from 1995 to 1996, as a producer at NBC news from 1994 to 1995, and at the FOX news magazine, front page, from 1992 to 1994.

11. Dominguez is a graduate of California State University at Los Angeles with a Bachelor of Arts degree in Liberal Studies. Dominguez's date of birth is December 22, 1960.

12. In April 2013, approximately 10 months prior to the end of Dominguez's contract with ESPN, Defendant FOX began contacting Dominguez about working for FOX when her contract with ESPN ended. On March 1, 2014, Dominguez and FOX entered into a written agreement pursuant to which Dominguez was hired by FOX to "render exclusive worldwide television reporting services for FOX and related programming, televised and/or produced by FOX, or any FOX affiliate." The agreement described Dominguez as a "key personality of Fox Sports…" In connection with FOX's hiring of Dominguez, FOX issued a press release wherein Scott Ackerson, FOX Sports Executive Vice President, Studio Production, described Dominguez as a "well-respected media personality who brings years of experience and credibility in the field" and further stated "We are thrilled to add a gifted personality with her expertise and presence to our networks as we continue to improve our talent roster."

13. From the outset of her employment with FOX, Dominguez did everything she was asked to do and she worked hard to create interviews/stories that would be of interest to FOX. Dominguez's first assignment at FOX was to cover the NBA playoffs, which she did, bringing the network's first ever interviews with NBA stars Steph Curry, DeAndre Jordan, Paul George and Tony Parker. Despite these successes, when Dominguez returned from covering the NBA playoffs, FOX did not provide Dominguez with any new assignments.

14. On her own, Dominguez secured interviews with A-List sports stars including Floyd Mayweather, Tiger Woods, Dez Bryant and Russell Wilson.

15. Dominguez learned from other employees that management was concerned with how she "looked" on camera. One longtime FOX producer sent Dominguez a text message stating "you haven't done anything wrong at all. Just because 5 men at a company want to be gratified by 24 year old women doesn't make you bad at your job." Dominguez was also told by a supervisor that "we [FOX] don't handle veteran female reporters very well."

16. In November 2014, Dominguez secured a second interview with Tiger Woods. This was her last assignment in 2014.

17. Despite receiving no assignments from FOX, Dominguez worked on her own in 2014 to create interview opportunities that would be good for FOX and that would provide her with exposure. On her own. Dominguez secured interviews with San Francisco Giants Pitcher Madison Bumgarner during the MLB playoffs and professional golfer Rory McElroy but FOX declined both interviews, notwithstanding the fact that both athletes are highly sought after and Bumgarner went on the win the MVP for the 2014 World Series. Dominguez was told that doing these interviews would "muddy the waters" for FOX's other reporters.

18. FOX did not assign Dominguez to the 2014 NFL playoffs, which is the first time in almost 10 years that Dominguez had not covered the NFL playoffs. FOX also sent over 50 employees to the 2015 Super Bowl but Dominguez was not included, notwithstanding her substantial experience covering the NFL.

19. On January 4, 2015, Dominguez sent an email to Eric Shanks, President of FOX, asking for a meeting. At that meeting, Dominguez asked Shanks why she was not receiving assignments. Shanks responded "You're Colleen Dominguez. We brought you here for the interviews you get and what you did at ESPN. You should be on TV. Let me look into it." Dominguez never heard back from Shanks or anyone else in management.

20. Dominguez has been given only 3-4 assignments in 2015. Although FOX management told Dominguez when she was hired that they valued her extensive NBA experience and contacts, FOX did not select Dominguez to cover the 2015 NBA All-Star game and instead sent two

male reporters, both over 40 years of age, to cover the event. Although Dominguez has substantial experience covering Major League Baseball, her only baseball assignment in 2014 and 2015 was to cover spring training for three days. Dominguez and her producer were told that Dominguez was given that assignment only because other reporters had prior commitments.

21. FOX employs younger female reporters who are less experienced than Dominguez and who are given assignments instead of Dominguez. For example, Holly Sonders, who was hired by FOX after Dominguez and who is substantially younger than Dominguez, has no experience with the NFL, yet FOX has assigned Sonders to cover the 2015 NFL season. Dominguez is not receiving any NFL assignments although she has substantial experience covering the NFL. FOX and its affiliates also provide assignments to older male reporters. Dominguez has also been told that FOX management instructed a FOX producer to cut video of Dominguez's face and body for a management meeting and that this request has never been made for any other employee.

22. The lack of assignments has eliminated Dominguez's exposure and is damaging her career as a reporter and severely affecting her future income. Dominguez's agent was told by a senior employee at FOX, in reference to Dominguez, "we [FOX] have damaged her career."

23. On or about August 3, 2015, Dominguez informed Defendant that she believed she was being denied work opportunities on the basis of her gender and age in violation of anti-discrimination laws. Defendant subsequently communicated to Dominguez's co-workers that Dominguez was no longer employed at Defendant and that Dominguez had sued Defendant. In addition, although Defendant represented to Dominguez that it would investigate her complaint, Dominguez has never been informed of the outcome of any investigation.

24. Dominguez's age and gender is a substantial motivating factor for Defendant's refusal to give her assignments and thereby damage her career as a reporter and negatively impact her future income.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

25. Plaintiff filed complaints against Defendant based on the aforementioned facts with the California Department of Fair Employment and Housing ("DFEH") on November 15, 2015. On November 15, 2015, the DFEH issued Plaintiff a Right to Sue Letter against Defendant.

{COMPLAINT.DOC} -6-

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION
### Discrimination on the Basis of Age (ADEA, 29 U.S.C. § 620 et seq.)
### (Against Defendant FOX)

26. Plaintiff realleges and incorporates herein by reference each and every allegation contained hereinabove, as though set forth in full.

27. Defendant is an employer as defined in the ADEA, 29 U.S.C. § 620 et seq.

28. At all relevant times, Plaintiff was an employee within the meaning and definition of the ADEA, 29 U.S.C. § 631.

29. As fully alleged above, at all times mentioned herein, Dominguez was and is experienced and qualified for the position of reporter that she holds with FOX, Dominguez has performed competently as a reporter for FOX when given the opportunity to do so, and Dominguez has remained ready and willing to accept future reporter assignments from FOX. Dominguez was specifically hired by FOX to be a "key personality of Fox Sports…" Despite all this, Defendant has refused to provide Dominguez with work assignments and has instead given assignments that Dominguez is qualified to perform to younger and less experienced female reporters.

30. Dominguez is informed and believes and based thereon alleges that she is being denied work assignments by Defendant FOX because of her age. One longtime FOX producer sent Dominguez a text message stating "you haven't done anything wrong at all. Just because 5 men at a company want to be gratified by 24 year old women doesn't make you bad at your job." Dominguez was also told by a supervisor that "we [FOX] don't handle veteran female reporters very well."

31. Plaintiff's age is a substantial motivating factor for the discrimination against Dominguez in the terms, conditions or privileges of employment.

32. In denying Plaintiff assignments, Defendant subjected Plaintiff to discrimination on the basis of her age in violation of the ADEA, 29 U.S.C. §620 et seq.

33. By the aforesaid acts and omissions of Defendant, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

///

///

34. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiffs is therefore entitled to liquidated damages in amounts to be proven at trial. 29 U.S.C. §216(b).

35. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

36. Plaintiff is informed and believes, and thereon alleges, that the Defendant, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

37. As a further, direct and proximate result of Defendant's violation of The ADEA, as heretofore described, Plaintiff has been compelled to retain the services of counsel, and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorneys' fees be awarded pursuant to 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION
**Discrimination on the Basis of Gender (Title VII, 42 U.S.C. §2000e et seq.)**
**(Against Defendant FOX)**

38. Plaintiff realleges and incorporates herein by reference each and every allegation contained hereinabove, as though set forth in full.

39. FOX is an employer as defined in Title VII, 42 U.S.C. §2000e et seq.

40. At all relevant times, Plaintiff was an employee within the meaning and definition of Title VII, 42 U.S.C. §2000e(f) and 2000e-2(1).

///

41. As fully alleged above, at all times mentioned herein, Dominguez was and is experienced and qualified for the position of reporter that she holds with FOX, Dominguez has

performed competently as a reporter for FOX when given the opportunity to do so, and Dominguez has remained ready and willing to accept future reporter assignments from FOX. Dominguez was specifically hired by FOX to be a "key personality of Fox Sports…" Despite all this, Defendant has refused to provide Dominguez with work assignments while at the same time providing reporting assignments to older male reporters.

42. Dominguez is informed and believes and based thereon alleges that she is being denied work assignments by Defendant FOX because of her gender. FOX and its affiliates value experienced male reporters and provides them with assignments. However, FOX and its affiliates refuse to provide assignments to Plaintiff because of her gender.

43. Plaintiff's gender is a substantial motivating factor for the discrimination against Dominguez in the terms, conditions or privileges of employment.

44. In denying Plaintiff assignments, FOX subjected Plaintiff to discrimination on the basis of her gender (female) in violation of Title VII, 42 U.S.C. §2000e et seq.

45. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

46. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

47. Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

48. As a further, direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel, and has thereby

incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorneys' fees be awarded pursuant to 42 U.S.C. §2000e-5(k).

### THIRD CAUSE OF ACTION

**Discrimination On The Basis Of Age And Gender In Violation Of ADEA And Title VII**
**(Against Defendant Fox)**

49. Plaintiff realleges and incorporates herein by reference each and every allegation contained hereinabove, as though set forth in full.

50. Defendant is an employer as defined in the ADEA, 29 U.S.C. § 620, et seq., and Title VII, 42 U.S.C. § 2000e et seq.

51. At all relevant times, Plaintiff was an employee within the meaning and definition of the ADEA, 29 U.S.C. § 631 and Title VII, 42 U.S.C. §§ 2000e(f) and 2000e-2(1).

52. As fully alleged above, at all times mentioned herein, Dominguez was and is experienced and qualified for the position of reporter that she holds with FOX, Dominguez has performed competently as a reporter for FOX when given the opportunity to do so, and Dominguez has remained ready and willing to accept future reporter assignments from FOX. Dominguez was specifically hired by FOX to be a "key personality of Fox Sports…" Despite all this, Defendant has refused to provide Dominguez with work assignments while at the same time providing reporting assignments to younger and less experienced female reporters and to older male reporters.

53. Dominguez is informed and believes and based thereon alleges that she is being denied work assignments by Defendant FOX because of her age and gender. One longtime FOX producer sent Dominguez a text message stating "you haven't done anything wrong at all. Just because 5 men at a company want to be gratified by 24 year old women doesn't make you bad at your job." Dominguez was also told by a supervisor that "we [FOX] don't handle veteran female reporters very well."

54. FOX and its affiliates value less experienced younger female reporters and experienced male reporters and provides them with assignments. However, FOX and its affiliates refuse to provide assignments to Plaintiff because of her age and gender.

55. Plaintiff's age and gender is a substantial motivating factor for the discrimination against Dominguez in the terms, conditions or privileges of employment.

56. In denying Plaintiff assignments, Defendant subjected Plaintiff to discrimination on the basis of her age and gender (female) in violation of the ADEA, 29 U.S.C. § 620, et seq. and Title VII, 42 U.S.C. § 2000e et seq.

57. By the aforesaid acts and omissions of Defendant, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

58. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is therefore entitled to liquidated damages in amounts to be proven at trial. 29 U.S.C. §216(b).

59. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

60. Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

61. As a further, direct and proximate result of Defendants' violation of The ADEA and Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel, and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorneys' fees be awarded pursuant to 29 U.S.C. § 216(b) and 42 U.S.C. § 2000e-5(k).

### FOURTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of Title VII and ADEA

62. Plaintiffs repeat and re-allege by reference each and every allegation contained in paragraphs 1 through 35 and incorporate the same herein as though fully set forth.

63. FOX is an employer as defined in Title VII, 42 U.S.C. §2000e et seq. and ADEA, 29 U.S.C. §620et seq.

64. At all relevant times, Plaintiff was an employee within the meaning and definition of Title VII (42 U.S.C. §2000e(f) and 2000e-2(l)) and the ADEA (29 U.S.C. §631.

65. In subjecting Plaintiff to retaliatory harassment, FOX subjected Plaintiff to unlawful retaliation for complaining about discriminatory treatment and filing complaints of discrimination internally with Human Resources, in violation of Title VII and the ADEA.

66. As a direct and proximate result of Defendants' willful, knowing and intentional retaliation against her, Plaintiff has suffered and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

67. As a direct and proximate result of Defendants' willful, knowing and intentional retaliation against her, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is therefore entitled to general and compensatory damages in amounts to be proven at trial.

68. As a further, direct and proximate result of Defendants' violation of the ADEA and Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel, and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorneys' fees be awarded pursuant to 42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 216(b).

69. Plaintiff is informed, and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard of their rights and with the intent, design and purpose of injuring her. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

///

///

///

///

## PRAYER

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as to all causes of action as follows:

1. For general and special damages according to proof at trial, including prejudgment interest thereon;

2. For exemplary and punitive damages in an amount according to proof at trial;

3. For compensatory damages;

4. For prejudgment and post judgment interest;

5. For liquidated damages in an amount according to proof at trial pursuant to 29 U.S.C. § 216(b);

6. For Plaintiff's attorneys' fees and costs of suit incurred herein to the extent provided by contract, statute, or other law, including 42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 216(b); and

7. For such other further relief as the court may deem necessary, just, or proper.

DATED: December 16, 2015          GLEASON & FAVAROTE LLP

By _____
Paul M. Gleason
Attorney for Plaintiff
COLLEEN DOMINGUEZ


DATED: December 16, 2015          BECERRA LAW FIRM

By _____
Joseph R. Becerra
Attorney for Plaintiff
COLLEEN DOMINGUEZ

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

DATED: December 16, 2015          GLEASON & FAVAROTE LLP

By *[signature]*
Paul M. Gleason
Attorney for Plaintiff
COLLEEN DOMINGUEZ

DATED: December 16, 2015          BECERRA LAW FIRM

By *[signature]*
Joseph R. Becerra
Attorney for Plaintiff
COLLEEN DOMINGUEZ