UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COLLEEN DOMINGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>FS1 LOS ANGELES, LLC,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV 15-09683-RSWL-AJWx<br><br>**ORDER** re: Defendant's Motion to Dismiss Plaintiff's Complaint [15] |

Plaintiff Colleen Dominguez's action is for employment discrimination on the basis of gender and age, and unlawful retaliation, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

Currently before the Court is Defendant FS1 Los Angeles, LLC's ("Defendant") Motion to Dismiss

1

Plaintiff's Complaint [15] ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6).

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion to Dismiss, and **DISMISSES** Plaintiff's Complaint **WITH TWENTY (20) DAYS LEAVE TO AMEND** the deficiencies in the fourth cause of action for unlawful retaliation.[1]

## I. DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Dismissal can be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a 12(b)(6) motion, a court must presume all factual allegations of the complaint to be

---

[1] The Court **DENIES** Defendant's Request for Judicial Notice [16] and **DENIES** Plaintiff's Request for Judicial Notice [21], as judicial notice of the facts contained in these requests is not necessary to the Court's determination of the Motion to Dismiss. See Rouse v. Conner, No. C 12-2121 PJH, 2012 WL 2589240, at *1 (N.D. Cal. July 3, 2012).

true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question presented by a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff has alleged sufficient factual grounds to support a plausible claim to relief, thereby entitling the plaintiff to offer evidence in support of its claim. Iqbal, 556 U.S. at 678; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of a cause of action's elements." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). However, a complaint "should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Balistreri, 901 F.2d at 699 (9th Cir. 1990) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**B. Discussion**

    1. First and Fifth Amendment Affirmative Defenses

    Defendant argues that its editorial decisions, including which of Plaintiff's story ideas to pursue and produce, which interviews to conduct, how much time to devote to Plaintiff's ideas, and which reporter should cover and present each story, arise under

3

Defendant's First Amendment constitutional rights, and insulate Defendant from application of Title VII or the ADEA.  Defendant also argues that Title VII and the ADEA, as applied to Defendant's assignment and casting decisions, are void for vagueness in violation of Defendant's Fifth Amendment Due Process rights.

Generally, a court will not dismiss a complaint for failure to state a claim under Rule 12(b)(6) when a defendant merely pleads affirmative defenses.  This is because a plaintiff does not need to anticipate and plead around all potential defenses.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980); Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004).  "Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." Xechem, 372 F.3d at 901; ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) ("Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint."); Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013) ("[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." (quoting Jones v. Bock, 549 U.S. 199, 215 (2007))).  Similarly, a motion to dismiss

4

under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984); ASARCO, 765 F.3d at 1004.

Here, the allegations in Plaintiff's Complaint do not disclose affirmative defenses under the First and Fifth Amendments to the Constitution, and Plaintiff does not "plead herself out of court." Xechem, 372 F.3d at 901. Plaintiff's Complaint asserts that she was denied employment opportunities on the basis of her age and gender. Plaintiff's request that she is not precluded from employment opportunities because of her age and gender do not, on their face, trigger First Amendment or Due Process concerns.

This Court finds it improper to provide Defendant a blanket exemption from the requirements of Title VII and the ADEA where Plaintiff does not allege that she seeks to espouse a particular message using her employment with Defendant as a vehicle, seeks to alter Defendant's chosen message, or seeks to otherwise dictate the content of Defendant's programming. See Hausch v. Donrey of Nev., Inc., 833 F. Supp. 822, 830 (D. Nev. 1993) (finding that application of Title VII did not require a newspaper to publish any material that it did not wish to publish, and thus, did not regulate content in violation of the First Amendment); see also Hurley v. Irish-American Gay, Lesbian and Bisexual Grp. of Boston, 515 U.S. 557, 566 (1995)

1 (finding First Amendment violation where plaintiffs'
2 participation in defendants' parade expressed a message
3 not of the defendants' own choosing); Passaic Daily
4 News v. N.L.R.B., 736 F.2d 1543, 1555-1559 (D.C. Cir.
5 1984) (distinguishing between government regulation of
6 the press's labor practices and government regulation
7 of the press's editorial control, and noting that
8 although the newspaper could not be forced to print the
9 columnist's weekly column, the First Amendment did not
10 completely insulate the newspaper from application of
11 federal labor law); Claybrooks v. Am. Broad. Cos., 898
12 F. Supp. 2d 986, 993 (M.D. Tenn. 2012) (finding First
13 Amendment violation where plaintiffs sought to alter
14 defendant's message through application of an anti-
15 discrimination statute).
16     At this stage in the proceedings, Defendant cannot
17 demonstrate that there is a relationship between its
18 ability to choose its reporter on the basis of sex,
19 gender, or any other characteristics prohibited by
20 Title VII, and its ability to control the content and
21 character of its shows.
22     Accordingly, dismissal pursuant to Rule 12(b)(6) is
23 improper, and the Court **DENIES** Defendant's Motion to
24 Dismiss on the basis of the First and Fifth Amendment
25 affirmative defenses.  See ASARCO, 765 F.3d at 1004.
26 / / /
27 / / /
28 / / /

    2.   <u>Sufficiency of Plaintiff's Complaint</u>

    In addition to its constitutional arguments, Defendant argues that Plaintiff's third and fourth claims are inadequately pled, and should be dismissed pursuant to Rule 12(b)(6).

        a.   *Third Claim for Discrimination on the Basis of Age and Gender in Violation of Title VII and the ADEA*

    Defendant argues that Plaintiff's third claim should be dismissed because Plaintiff cannot, as a matter of law, assert an "age-plus" claim under the ADEA. Mot. 19:5.

    Although courts have rejected "age-plus" theories under the ADEA, the Ninth Circuit has recognized a "sex-plus" theory of discrimination under Title VII. *See* <u>Kelly v. Drexel Univ.</u>, 907 F. Supp. 864, 875 n. 8 (E.D. Pa. 1995) (rejecting an "age-plus" theory of liability under the ADEA); <u>Lam v. Univ. of Haw.</u>, 40 F.3d 1551, 1562 (9th Cir. 1994) (recognizing a "sex-plus" theory of discrimination under Title VII).

    Plaintiff's third claim is adequately pled as a "sex-plus-age" claim under Title VII, even if the claim is not cognizable under the ADEA.

        b.   *Fourth Claim for Unlawful Retaliation*

    To allege a claim for retaliation, Plaintiff must allege: (1) that she was engaging in a protected activity, (2) that she suffered an adverse employment decision, and (3) that there was a causal link between

her activity and the employment decision. <u>Trent v. Valley Elec. Ass'n Inc.</u>, 41 F.3d 524, 526 (9th Cir. 1994). To demonstrate an adverse employment action, Plaintiff must show that the alleged retaliatory acts "materially affect[ed] the compensation, terms, conditions, or privileges of . . . employment." <u>Blount v. Morgan Stanley Smith Barney LLC</u>, 982 F. Supp. 2d 1077, 1082 (N.D. Cal. 2013).

Defendant argues that Plaintiff fails to show causation because she does not identify any adverse employment actions that post-date her complaint on August 3, 2015. Mot. 20:18-21. Defendant also argues that Plaintiff fails to allege any facts to support that the alleged retaliatory acts altered the terms of her employment in any way. Reply 20:11-17.

Plaintiff, on the other hand, alleges that after she complained on August 3, 2015, "Defendant subsequently communicated to Dominguez's co-workers that Dominguez was no longer employed at Defendant and that Dominguez had sued Defendant," and that "Defendant represented that it would investigate her complaint, [but] Dominguez has never been informed of the outcome of any investigation." Compl. ¶ 23. These allegations are sufficient to allege a causal link between Plaintiff's complaint and the above-mentioned alleged retaliatory acts.

/ / /

/ / /

1 However, Plaintiff's allegations that Defendant
2 passed over her for assignments occurred before
3 Plaintiff complained, and Plaintiff does not adequately
4 allege a causal connection in this regard.
5 In addition, Plaintiff's allegations that Defendant
6 made the above-mentioned representations to her co-
7 workers and failed to investigate are not sufficient to
8 demonstrate that these actions altered the terms or
9 conditions of Plaintiff's employment.  See Morrow v.
10 City of Oakland, 2012 WL 2133755, at *11 (N.D. Cal.
11 June 12, 2012) (granting motion to dismiss retaliation
12 claims where claims were based on failure to
13 investigate and other actions that did not constitute
14 adverse employment actions).
15 For these reasons, Plaintiff does not adequately
16 allege a claim for unlawful retaliation.  The Court
17 **GRANTS** Defendant's Motion to Dismiss Plaintiff's fourth
18 claim.  Because Plaintiff's claim could be saved by
19 amendment, the Court **DISMISSES** the claim **WITH TWENTY**
20 **(20) DAYS LEAVE TO AMEND.**

26 ///
27 ///
28 ///

## III. CONCLUSION

Because Plaintiff is not required to anticipate and plead around Defendant's affirmative defenses, dismissal on the basis of Defendant's First and Fifth Amendment affirmative defenses is improper. However, Plaintiff's fourth claim for unlawful retaliation is insufficiently pled. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss, and dismisses Plaintiff's Complaint **WITH TWENTY (20) DAYS LEAVE TO AMEND.**

**IT IS SO ORDERED.**

DATED: May 17, 2016        s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge